UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ALAN HARR,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　Defendants. | Case No.: 1:15-cv-01452 - ---  - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Wayne Alan Harr initiated this action by filing a complaint against the United States of America, the Good Samaritan Hospital, Memorial Hospital, Mercy Hospital, San Joaquin Hospital, Bakersfield Heart Hospital, the Kern County Sheriff's Department, the Bakersfield, Police Department, and NBC Channel 17 News. (Doc. 1 at 1)  The Court finds Plaintiff's claims are fanciful and frivolous, it is recommended that Plaintiff's motion to proceed in forma pauperis **DENIED** and his complaint be **DISMISSED** without leave to amend.

**I.      Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

If a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, the allegations of the complaint are fanciful and Plaintiff fails to allege a claim upon which relief may be granted by this Court.

## II.     Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

### III.     Factual Allegations

Plaintiff alleges he is the son of Adolph Hitler and has been "forced to live" at Venice Vista, which he believes is "a modern day concentration camp" run by the son of Herr Hess, named "Mr. Juan." (Doc. 1 at 2-3)

According to Plaintiff, he has been mistreated at several hospitals in California. For example, Plaintiff asserts he "was assaulted with a deadly weapon and held against his will" at Sherman Oaks Hospital, where he also received a parking citation and was "denied access to his vehicle." (Doc. 1 at 2) He alleges that while at the Good Samaritan Hospital, he was "assaulted with a deadly weapon twice." (*id.*) In addition, Plaintiff asserts he "was treated inappropriately [at] Mercy Hospital, and the "Heart Hospital treated Plaintiff and his spouse grossly inappropriately causing much pain and suffering." (*Id.*) He also contends the Memorial Hospital of Bakersfield "treated Plaintiff in a malicious fashion & failed [to] keep Plaintiff's pal alive on life support." (*Id.*) Further, Plaintiff asserts San Joaquin Hospital staff "all are guilty of malpractice . . . after their security guard asked Plaintiff's name in which [he] replied Hitler since Plaintiff's father is Adolf Hitler." (*Id.* at 2-3, emphasis omitted)

Plaintiff alleges he has also suffered wrongs by several members of the community related to automobile services. (Doc. 1 at 4-5) Specifically, he alleges the dispatcher of the Automobile Club of Southern California "refused a tow for Plaintiff's vehicle to Haddad Dodge," and he was "falsely

imprisoned [and] deceived" by the driver of the Bill Wright Toyota's courtesy van. (*Id.* at 4) Further, Plaintiff alleges that Hall's Ambulance is "guilty of fraud" and has a monopoly in Bakersfield. (*Id.*)

Finally, Plaintiff alleges he has been targeted by the Bakersfield Police Department, President Obama, and the Secret Service. (Doc. 1 at 5-6) According to Plaintiff, the Bakersfield Police Department has committed "cop brutality, assault [and] battery, assault with a deadly weapon, theft and entrapment." (*Id.* at 5) Further, he asserts the President and Secret Service have conspired "to commit the murder of Plaintiff and same for false imprisonment and trespass." (*Id.* at 6) Plaintiff contends he has "instructed the Chancellor of Deutschland to nuke Washington, DC if [he] [is] arrested again by a Deputy Sheriff, a Bakersfield Police Officer, a U.S. Marshall [sic], a FBI agent, a California Highway Patrolman, etc." (*Id.*)

### IV.     Discussion and Analysis

As an initial matter, Plaintiff raises claims that are completely unrelated to other claims in his complaint. Pursuant to Rule 18 of the Federal Rules of Civil Procedure, which governs joinder of claims, "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001) (citation omitted). Consequently, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

Regardless, Plaintiff fails to identify any causes of action which would invoke this Court's jurisdiction. The Court is not to be used to vindicate every perceived slight or insult suffered by Plaintiff. Even if an act truly is actionable, it does not mean that it arises within the jurisdiction of the District Court. To state a claim for a violation of civil rights, Plaintiff must identify an action that violates the Constitution of the United States or another federal law, and taken by a person acting under color of state law.

Here, there are no allegations to support any conclusion that the individuals with whom Plaintiff interacted acted under color of authority. Rather, in general, individuals—such as those working at hospitals, doctors' offices, housing complexes and ambulances—are private parties and do not act

under color of authority with actions attributable to the government. *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991). Further, Plaintiff identifies only state causes of action related to the Bakersfield Police Department.[1] *See, e.g.*, *Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (explaining the plaintiff's "state law claims . . . [included] false arrest, false imprisonment, assault and battery"); *Rangel v. Tilton*, 2012 U.S. Dist. LEXIS 163644, at *1 (E.D. Cal. Nov. 15, 2012) (identifying assault and battery as claims arising "under state law"). Most significantly, Plaintiff does not allege he, personally, suffered any wrongdoing by the Bakersfield Police Department.

Finally, the Court finds the allegations that the President of the United States and the Secret Service have conspired to trespass, falsely imprison and murder Plaintiff, are clearly baseless. There are no facts to support the conclusion that Plaintiff had *any* interactions with President Obama, or that the Secret Service is responsible for imprisoning Plaintiff at any time. Accordingly, the Court finds Plaintiff's allegations are fanciful, and lack an arguable basis in fact. *See Denton*, 504 U.S. at 32-33.

## V.     Order

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to the action.

## VI.    Findings and Recommendations

Given the fanciful nature of Plaintiff's claims, the Court finds leave to amend would be futile. *See Iqbal,* 556 U.S. at 679 (noting that a court should "draw on its judicial experience and common sense" to determine whether a claim is plausible); *Denton*, 504 U.S. at 32-33 (a court may dismiss a claim as frivolous if the alleged facts are "clearly baseless," "fanciful," or "fantastic"); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely").

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's motion to proceed in forma pauperis be **DENIED**;

2.     The complaint be **DISMISSED** without leave to amend; and

3.     The Clerk of Court be directed to close this matter.

---

[1] Significantly, Plaintiff does not allege he, personally, suffered any harm by the Bakersfield Police Department.

1   These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 3, 2015**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE